*Hamilton Brownell* v. *Frederick E. Curtis et al.* M. T. Reynolds, for appellant; D. Wright, for respondents.

Answering as to discovery and demurring to relief.

The chancellor decided, in this case, that where a bill is filed for discovery and relief the defendant may answer and make the discovery sought, and demur to the relief only.

That there is a class of cases in which a defendant may refuse to make a discovery as to particular charges contained in the bill, although a demurrer could not have been sustained as to the relief which the complainant intends to found upon such charges. Those, however, are cases in which the discovery asked for would tend to criminate the defendant, or subject him to a penalty or forfeiture, or would be a breach of confidence which some principle of public policy does not allow; and where the complainant may be entitled to the relief sought upon the matters charged in the bill, although the defendant is not bound to make a discovery to aid in establishing the facts.

Demurring to discovery and answering as to relief.

That where the same principle upon which the demurrer to the discovery of the truth of certain charges in the complainant's bill is sought to be sustained is equally applicable to the relief, the settled rule of the court is that the defendant cannot be permitted to demur as to the discovery only, and answer as to the relief.

Pleas in bar of discovery.

That this general rule is equally applicable to the case of a

plea; and that the defendant cannot plead any matters in bar of the discovery merely, when the matters thus pleaded would be equally valid as a defence to the relief.

That where a defendant pleads or demurs to any part of the discovery sought by the bill, and answers likewise, if the complainant takes exceptions to the answer before the plea or demurrer has been argued, he admits the plea or demurrer to be good, and that if the plea or demurrer is afterwards set down for argument the defendant may move to strike the case from the calendar. *Effect of excepting to answer accompanying a plea or demurrer*

That if a complainant, after excepting to an answer, puts the cause upon the calendar, and notices it for hearing, it will be deemed a waiver of the exceptions. *Waiver of exceptions.*

Plea of defendant E. C. Marsh overruled, with costs of the hearing before the vice chancellor, but defendant not to be charged with costs on the appeal. Leave to complainant to except within thirty days to Marsh's answer, if he wishes a further answer; and defendant to pay costs and answer exceptions within thirty days after they are filed.

Decretal order of the vice chancellor reversed, with costs as to the pleas of the defendant Curtis; and those pleas overruled, with costs. Defendant to pay costs and put in his answer within thirty days.

Decretal order of the vice chancellor allowing the plea of J. Marsh also reversed, with costs. Defendant to pay costs and put in his answer in thirty days.